[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
On or about April 30, 1986 Pine Glen Associates, Limited Partnership (L.P.) signed a mortgage note for $330,000.00 payable to The Savings Bank of Manchester (SBM), to secure a mortgage from L.P. to SBM of the same date. The defendant Thomas P. Boyle (Boyle) signed that note individually as well as for L.P.
On November 30, 1990 a modification of the note was entered into among the three parties to correct a sentence of that note.
On March 1997 L. P. and Boyles went into default on payment of the note.
On October 29, 1997 SBM brought this action to foreclose its mortgage against L.P., Boyle and others. On December 1, 1997 SBM filed an amended complaint.
On December 8, 1997 the note was assigned to Brendon Gold LLC (Assignee).
On February 9, 1998 Assignee was substituted as party plaintiff.
On March 3, 1997 the parties entered into a "Workout Agreement."
In March 1998 the building on the real property which is subject to the mortgage was injured by fire and then boarded up and is empty. Assignee took possession of the property about 25 days before the fire.
On November 2, 1998 Assignee applied for a prejudgment remedy of $250,000 and a disclosure of assets. On November 24, 1998 L.P. and Boyle filed their answer, special defenses and a cross-complaint.
Debt, Property Value and Insurance
The debt now due on the first and second mortgage is about $400,000. On the Assignees mortgage it is about $330,000. The building on the property was about thirty years old and had 15 apartments.
Before the fire the property was worth $225,000. The present value of the property is $150,000 and it is capable of being renovated. CT Page 585
Under paragraph 10 of the workout agreement the defendants were not expected to provide fire insurance on the building, that was to be provided by Assignee's agent.
The Assignee got insurance and wished to file a claim. In order to file its fire loss claim Assignee asked defendants to sign an affidavit that the after-fire value of the property was $50,000. Defendants refused to sign this affidavit because they did not believe the value to be $50,000. After that refusal Assignee's attorney wrote to the defendant's attorney stating should "your client not sign the affidavit, it is my client's intention to declare a breach under the workout agreement in which case we will pursue this matter to judgment of foreclosure and ultimately a deficiency against your clients."
 Law
C.G.S. § 52-278d(a) provides if the court finds that the plaintiff's claim is adequately secured by insurance the prejudment remedy need not issue.
Plaintiff and defendant each have sufficient insurance to fully cover plaintiff's claim.
Motion denied.
O'Neill, J.